11ARMSTRONG, Judge.
Defendant Anthony J. Duplessis Sr. was indicted by bill of information on September 3, 1992 for obstruction of justice, a violation of La.R.S. 14:130.1. Defendant entered a plea of not guilty. Following a trial by jury-he was found guilty of the lesser offense of attempted obstruction of justice. The trial court denied defendant’s motion for new trial and subsequently sentenced him to serve twelve months at hard labor; the trial court suspended the sentence and placed defendant on two years active probation. Defendant now appeals.

FACTS:

On September 3, 1992, defendant’s son Shannon Duplessis had a probation revocation hearing at which Probation Officer Robert Klein testified against Shannon. The court adjourned for lunch, and Klein left the courthouse and went to a nearby grocery store to buy a sandwich. Klein was standing at the counter waiting for his sandwich and was talMng to Merlis Broussard when defendant entered the store. He confronted Klein, who testified that defendant said, “You all really got him good, didn’t you.” Klein testified that defendant further stated, “I am going to get you if it is the last thing I do.” Klein further testified that defendant said that he had lived his life and Klein had not and that he was going to get Klein if it was the last thing he did.
Merlis Broussard, an attorney, testified that defendant was angry and made some statements to Klein. Broussard said he told defendant to shut up because “what he was _Jj¡doing wasn’t right.” Diane Ivey, also in the store that day, testified that defendant came up to Klein in the store and threatened to get him and take care of him. She said while defendant was in the checkout line he said he was going to get Klein “if it is the last thing I do.” She also heard defendant say something about Klein having to “travel in the dark.” Ms. Ivey said defendant left the store and sat outside in his car with his wife. Ms. Ivey, Merlis Broussard and Klein walked back to the courthouse and went inside. Klein went into the District Attorney’s office to report the incident. Ms. Ivey said she heard defendant’s wife ask defendant, “You threatened that man?” Ivey said defendant replied, “Yeah. And I am going to kick his blank ass.”
Defendant admitted that he made statements to Klein after some people told him of overhearing another probation officer in the courtroom brag about “putting the shaft” to defendant’s son. Defendant admitted to saying “You are going to get yours. The Lord is going to take care and whatever is going to go down is going to go down. The good Lord will take care of you.” He admitted he had been angry and may have said something to the effect that “I have done everything that I have to do, and you will get yours.” He denied threatening to kill Klein or inflict bodily harm on him. He also testified that he later called Klein to apologize. Defendant admitted to having previously pled guilty to issuing worthless cheeks. ERRORS PATENT:
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1:

In his first assignment of error, defendant complains that the State did not present sufficient evidence to prove beyond a reasonable doubt that he committed attempted obstruction of justice. He argues that his actions did not fall within the definition of obstruction of justice under either Subpara-graphs (2) or (3) of La.R.S. 14:130.1(A).
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have |3found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
*530 The reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The jury’s determination of credibility is not to be disturbed on appeal absent an abuse of the jury’s discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
La.R.S. 14:130.1(A) provides, in part:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
[[Image here]]
(2) Using or threatening force toward the person or property of another with the specific intent to:
(a) Influence the testimony of any person in any criminal proceeding;
(b) Cause or induce the withholding of testimony or withholding of records, documents, or other objects from any criminal proceeding;
(c) Cause or induce the alteration, destruction, mutilation, or concealment of any object with the specific intent to impair the object’s integrity or availability for use in any criminal proceeding;
(d) Evade legal process or the summoning of a person to appear as a witness or to produce a record, document, or other object in any criminal proceeding;
(e) Cause the hindrance, delay, or prevention of the communication to a peace officer, as defined in R.S. 14:30, of information relating to an arrest or potential arrest or relating to the commission or possible commission of a crime or parole or probation violation.
(3) Retaliating against any witness, victim, juror, judge, party, attorney, or informant by knowingly engaging in any conduct which [4results in bodily injury to or damage to the property of any such person or the communication of threats to do so with the specific intent to retaliate against any person for:
(a) The attendance as a witness, juror, judge, attorney, or a party to any criminal proceeding or for producing evidence or testimony for use or potential use in any criminal proceeding, or
(b) The giving of information, evidence, or any aid relating to the commission or possible commission of a parole or probation violation or any crime under the laws of any state or of the United States.
La.R.S. 14:27(A) provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Defendant first argues that Subparagraph (2) is inapplicable because he knew at the time he spoke to Klein that his son’s probation revocation was a finality. Defendant is correct in this assertion because Klein had already testified and his son’s revocation hearing had concluded at the time of the incident. The evidence presented does not prove any intent on defendant’s part to influence testimony, cause the withholding of evidence or testimony, destroy or alter an object, evade legal process, or cause delay or prevention of communication to a peace officer.
However, the evidence does support a conviction under Subparagraph (3). Defendant’s words conveyed his intent to retaliate against Klein for his giving evidence against defendant’s son at the probation revocation hearing. Viewing the evidence in the light most favorable to the prosecution, the State proved beyond a reasonable doubt that defendant committed attempted obstruction of justice. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:

|5In his second assignment of error, defendant complains that the trial court erred in not allowing into evidence the fact *531 that the probation officer who originally handled his son’s probation had been fired and was under criminal indictment. He argues that this evidence was relevant as to his intent to retaliate in that it would have shown that he reasonably believed that his son had not been treated fairly.
Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Evidence which is not relevant is inadmissible. La.C.E. art. 402. In determining the relevance of evidence, the trial judge is afforded much discretion. State v. Stowe, 93-2020 (La. 4/11/94), 635 So.2d 168.
During trial, defense counsel unsuccessfully attempted to elicit testimony from Klein and defendant that Darryl Calíais had been fired from his job as a probation officer and had been indicted on drug charges. Calíais had been Shannon Duplessis’ original probation officer.
We are unable to say that the trial court erred in excluding this evidence on the basis of relevancy. Defendant threatened Klein for testifying against his son. There was never any reference to Calíais in those threats. Calíais’ firing and the criminal charges against him did not have any bearing on the case against defendant. This assignment of error is without merit.
For the foregoing reasons, we affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.